IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TABITHA STONE                                                                                              PLAINTIFF

vs.                                              Civil No. 4:13-cv-04069

CAROLYN COLVIN                                                                                          DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Tabitha Stone ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her application for SSI on June 19, 2007. (Tr. 38-40). Plaintiff alleged she was disabled due to obesity and back problems. (Tr. 97). Plaintiff alleged an onset date of June 3, 2007. (Tr. 97). This application was denied initially and again upon reconsideration. (Tr. 58-60, 65-66). On August 6, 2009, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No." The transcript pages for this case are referenced by the designation "Tr."

8-15). Plaintiff appealed the unfavorable decision in federal district court, and the Court remanded the case for consideration of additional evidence on August 26, 2011. (Tr. 486-494). Based on the district court's order, the Appeals Council remanded the case back to the ALJ for reconsideration of the evidence. (Tr. 495-498).

After remand Plaintiff had an administrative hearing on May 16, 2012 and February 25, 2013. (Tr. 393-429, 430-465). Plaintiff was present and represented by Shannon Carroll, at these hearings. *Id.* Plaintiff testified at both hearings and Medical Experts Dr. Steven Golstein and Dr. Rick Adams testified at the second hearing. *Id.* On the date of the hearings, Plaintiff was twenty-nine (29) years old and had a high school education. (Tr. 399).

On May 6, 2013, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 380-387). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 19, 2007. (Tr. 382, Finding 1). The ALJ determined Plaintiff had severe impairments of morbid obesity and mild degenerative disc disease. (Tr. 383, Finding 3). The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 383, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 384-386, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work. (Tr. 384, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 386, Finding 6). The ALJ

determined Plaintiff had no PRW. *Id.* The ALJ then used Medical-Vocational Guidelines Rule 201.27 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27. (Tr. 386, Finding 10). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time since June 19, 2007. (Tr. 387, Finding 11).

On July 12, 2013, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 10, 11. The parties consented to the jurisdiction of this Court on July 12, 2013. ECF No. 5.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record. ECF No. 10 at 13-21. Specifically, Plaintiff claims the ALJ erred (1) in failing to find Plaintiff met Listing 1.02, (2) in failing to evaluate Plaintiff's non-exertional complaints, (3) in evaluating her RFC, and (4) in failing to have a Vocational Expert testify at the hearing . In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 11. Because this Court finds the ALJ improperly evaluated Plaintiff's RFC, this Court will only address this issue Plaintiff raised.

Plaintiff argues she does not have the RFC for the full range of sedentary work and there is not substantial evidence to support such a finding by the ALJ. Plaintiff argues the ALJ erred by failing to include Plaintiff's nonexertional limitations in his RFC determination. Defendant argues the ALJ's determination that Plaintiff has the RFC for the full range of sedentary work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's

5

"ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1)

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden, and not the Commissioner's burden, to prove functional capacity. *See Stormo v. Barnhart,* 377 F.3d

6

801, 806 (8th Cir. 2004). The ALJ found Plaintiff had the RFC for the full range of sedentary work. (Tr. 384). The ALJ did not seek the testimony of a VE to support his RFC determination. This matter was previously remanded for the purpose of addressing Plaintiff's nonexertional limitations, howver, on remand, the ALJ has still failed to address or discuss Plaintiff's nonexertional limitations.

As was discussed previously by this Court, on July 26, 2007, Dr. David Hicks prepared a Physical RFC Assessment for Plaintiff and this report indicated Plaintiff would occasionally have limitations of climbing, balancing, stooping, kneeling, crouching, and crawling based on morbid obesity. (Tr. 248-255). On August 17, 2007, Plaintiff's treating physician, Dr. Dale Goins, prepared an Obesity RFC Questionnaire and a Fibromyalgia RFC Questionnaire for Plaintiff and found postural limitations in Plaintiff's ability to twist, stoop, climb, crouch, and repetitive reaching handling or fingering. (Tr. 279-280). Additionally, on November 9, 2007, Plaintiff underwent a second Physical RFC Assessment from Dr. Jim Takach and his findings indicated Plaintiff retained the ability to perform work activity at the sedentary level, along with postural limitations of climbing, balancing, stooping, kneeling, crouching, and crawling. (Tr. 298-305).

On May 3, 2012, Dr. Dale Goins prepared a Lumbar Spine RFC Assessment which indicated Plaintiff's pain would frequently interfere with her attention and concentration, can never crouch or climb ladders, has significant limitations in doing repetitive reaching, handling or fingering, and found limitations on sitting and standing. (Tr. 651-654).

After reviewing the record, this Court finds the ALJ's RFC determination is not supported by substantial evidence because the existence of nonexertional limitations should be included in any decision regarding the Plaintiff's RFC. When the ability to perform a full range of work for a

particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is required to consult a VE regarding the effect of those limitations on the availability of work. *See Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).

This matter should be remanded for the purpose of addressing Plaintiff's nonexertional limitations and, if needed, the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff.[2]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **15th day of July, 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.